# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:23-cv-03222-JPB-JCF |
| | ) |
| CITIMORTGAGE, INC. | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT CITIMORTGAGE, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant CitiMortgage, Inc. ("CitiMortgage"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 15 (a)(2) and 81 (c)(2), hereby submits the following *Answer and Affirmative Defenses* in response to Plaintiff Nationstar Mortgage, LLC's ("Nationstar's") Complaint,[1] and respectfully states:

## ANSWER TO COMPLAINT

1. CitiMortgage states that Paragraph 1 of the Complaint sets forth Nationstar's jurisdictional and venue allegations, and thus consist of legal

---

[1] Nationstar's Complaint was originally filed in the Circuit Court of the Superior Court of Gwinnett County, Georgia (the "State Court Action"), but was subsequently removed by CitiMortgage to this U.S. District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1146. The original Complaint is attached hereto as "**Exhibit A**."

1

conclusions and questions of law to which no response is required. To the extent a response is deemed required, however, CitiMortgage admits that it is registered to do business in Georgia and that its registered agent is CT Corporation System, located at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046. CitiMortgage further avers that this U.S. District Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1146. Any remaining allegations in Paragraph 1 of the Complaint are denied.

## STATEMENT OF FACTS

2.     CitiMortgage admits that Exhibit A to the Complaint appears to be a copy of a Warranty Deed as described in Paragraph 2 of the Complaint, which document speaks for itself. However, CitiMortgage cannot admit or deny whether Exhibit A is a true and correct copy of the document it purports to be, as the image quality of said Exhibit A is so poor it is essentially illegible. Any remaining allegations in Paragraph 2 of the Complaint are denied.

3.     CitiMortgage admits that Exhibit B to the Complaint appears to be a copy of the "AEM Security Deed" as described in Paragraph 3 of the Complaint which the document speaks for itself. However, CitiMortgage cannot admit or deny whether Exhibit B is a true and correct copy of the document it purports to be, as the image quality of said Exhibit B is so poor it is essentially illegible. Any remaining allegations in Paragraph 3 of the Complaint are denied.

4. CitiMortgage admits that, for a time, subsequent to the date of recording, it serviced the loan secured by the "AEM Security Deed." However, CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 4 of the Complaint, and therefore denies the same.

5. CitiMortgage admits that Exhibit C to the Complaint appears to be a copy of the "Citi Security Deed" as described in Paragraph 5 of the Complaint which document of which speaks for itself. However, CitiMortgage cannot admit or deny whether Exhibit C is a true and correct copy of the document it purports to be, as the image quality of said Exhibit C is so poor it is essentially illegible. Any remaining allegations in Paragraph 5 of the Complaint are denied.

6. CitiMortgage admits that, for a time, subsequent to the date of recording, it serviced the loan secured by the "City Security Deed." However, CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7. CitiMortgage admits that the copy of "Citi Security Deed" attached as Exhibit C to the Complaint appears to bear a footer that reads "Georgia – Second Mortgage." CitiMortgage is presently without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8.  CitiMortgage admits that Exhibit D to the Complaint appears to be a copy of an "Assignment of Security Deed" as described in Paragraph 8 of the Complaint which document speaks for itself. However, CitiMortgage cannot admit or deny whether Exhibit D is a true and correct copy of the document it purports to be, as the image quality of said Exhibit D is so poor it is essentially illegible. Any remaining allegations in Paragraph 8 of the Complaint are denied.

9.  CitiMortgage denies that any such loan as described in Paragraph 9 of the Complaint was "a first-priority loan," a claim which is directly contradicted by other allegations in the Complaint (*see* Compl., at ¶ 15) and the documents attached thereto (*see* Compl., at Ex. G). CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. CitiMortgage admits only that it is an indirect subsidiary of Citibank, N.A. Any remaining allegations in Paragraph 10 of the Complaint are denied.

11. CitiMortgage admits that Exhibit E to the Complaint appears to be a copy of the "Nationstar Security Deed" as described in Paragraph 11 of the Complaint which document speaks for itself. However, CitiMortgage cannot admit or deny whether Exhibit E is a true and correct copy of the document it purports to

be, as the image quality of said Exhibit E is so poor it is essentially illegible. Any remaining allegations in Paragraph 11 of the Complaint are denied.

12.     CitiMortgage admits that Exhibit F to the Complaint appears to be a copy of a "Corporate Assignment of Security Deed" as described in Paragraph 12 of the Complaint which document speaks for itself. However, CitiMortgage cannot admit or deny whether Exhibit F is a true and correct copy of the document it purports to be, as the image quality of said Exhibit F is so poor it is essentially illegible. Any remaining allegations in Paragraph 12 of the Complaint are denied.

13.     The allegations in Paragraph 13 of the Complaint are denied. CitiMortgage further avers that the copy of the purported subordination, as attached to the Complaint as Exhibit G, does not appear to be recorded in the relevant real property records and also lacks multiple critical signatures required to be considered a legally binding and enforceable document.

14.     The allegations in Paragraph 14 of the Complaint are denied.

15.     CitiMortgage admits that the purported subordination as referenced in Paragraph 15 of the Complaint lacks the requisite witness signatures to be valid, and that the same has not recorded in the real property records of DeKalb County, Georgia. Any remaining allegations in Paragraph 15 of the Complaint are denied.

16.     The allegations in Paragraph 16 of the Complaint are denied.

17. CitiMortgage admits that Exhibit H to the Complaint appears to be a copy of a "HUD-1 Settlement Statement" as referenced in Paragraph 17 of the Complaint which document speaks for itself. Any remaining allegations in Paragraph 17 of the Complaint are denied.

18. CitiMortgage admits that a "Discharge of Deed to Secure Debt," dated February 4, 2018, was recorded on or about February 11, 2013 and that Exhibit I to the Complaint appears to be a copy of said "Discharge" as described in Paragraph 18 of the Complaint, which document speaks for itself. However, CitiMortgage cannot admit or deny whether Exhibit I is a true and correct copy of the document it purports to be, as the image quality of said Exhibit I is so poor it is essentially illegible.

19. The allegations in Paragraph 19 of the Complaint are denied.

20. The allegations in Paragraph 20 of the Complaint are denied.

21. CitiMortgage admits that Exhibit J to the Complaint appears to be a copy of a Deed Under Power as referenced in Paragraph 21 of the Complaint which document speaks for itself. CitiMortgage further admits that a properly noticed public foreclosure sale was held on September 6, 2022, in accordance with Georgia law, at which the subject property sold to a third-party purchaser. Any remaining allegations in Paragraph 21 of the Complaint are denied.

22. CitiMortgage denies that the Deed Under Power referenced in Paragraph 22 of the Complaint was subject to the Nationstar Security Deed. Thus, the allegations in Paragraph 22 of the Complaint are denied.

23. The allegations in Paragraph 23 of the Complaint are denied as stated. CitiMortgage further avers that it provided ample notice of the foreclosure sale prior to its occurrence, in accordance with Georgia law.

## COUNT I – WRONGFUL FORECLOSURE

24. CitiMortgage hereby re-alleges and incorporates by reference its responses and answers to Paragraphs 1 through 23 above, as if fully restated herein.

25. CitiMortgage states that Paragraph 25 of the Complaint contains legal conclusions to which no response is required. CitiMortgage nevertheless denies all allegations therein and expressly denies that it owed any duty to Nationstar pursuant to the purported subordination.

26. CitiMortgage states that Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, CitiMortgage denies the allegation of this Paragraph.

27. CitiMortgage states that Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, CitiMortgage denies the allegation of this Paragraph.

28. CitiMortgage denies all allegations in Paragraph 28.

29. CitiMortgage denies all allegations in Paragraph 29.

## COUNT II – BREACH OF CONTRACT

30. CitiMortgage hereby re-alleges and incorporates by reference its responses and answers to Paragraphs 1 through 29 above, as if fully restated herein.

31. CitiMortgage denies all allegations in Paragraph 31.

32. CitiMortgage states that Paragraph 32 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, CitiMortgage denies the allegation of this Paragraph.

33. CitiMortgage states that Paragraph 33 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, CitiMortgage denies the allegation of this Paragraph.

34. CitiMortgage denies all allegations in Paragraph 34.

35. CitiMortgage denies all allegations in Paragraph 35.

## COUNT III – PUNITIVE DAMAGES

36. CitiMortgage hereby re-alleges and incorporates by reference its responses and answers to Paragraphs 1 through 35 above, as if fully restated herein.

37. CitiMortgage states that Paragraph 37 of the Complaint contains legal conclusions to which no response is required.  CitiMortgage nevertheless denies all allegations therein and expressly denies that its alleged actions evidence any willful misconduct, malice, fraud, wantonness, oppression, or want of care.

38. CitiMortgage denies all allegations in Paragraph 38 and specifically denies that it has acted, or has failed to act, with any specific intent to cause harm to Nationstar.

39. CitiMortgage denies all allegations in Paragraph 39 and expressly denies that Nationstar is entitled to *any* damages – much less punitive damages.

## AFFIRMATIVE DEFENSES

1. **First Affirmative Defense (Failure to State a Claim):** The Complaint and each purported cause of action as alleged therein against Defendant CitiMortgage fails to state facts sufficient to constitute a cognizable claim upon which relief may be granted. Specifically, Plaintiff fails to adequately allege wrongful foreclosure, including by failing to identify with specificity any legal duty owed by CitiMortgage to Nationstar, or any particular breach thereof. Plaintiff also fails to adequately allege a specific breach of contract, including the failure to identify a legally valid and enforceable contract in existence among Nationstar and CitiMortgage. Finally, Plaintiff's third and final Count for "Punitive Damages" is not a valid cause of action and Plaintiff is not entitled to punitive damages based on the allegations set forth in the Complaint.

2. **Second Affirmative Defense (Lack of Standing):** Plaintiff Nationstar lacks standing to bring the causes of action asserted in its Complaint.

3. **Third Affirmative Defense (Failure to Join Necessary and Indispensable Parties):** The Complaint is barred, in whole or in part, because Plaintiff has failed to join all necessary and indispensable parties.

4. **Fourth Affirmative Defense (Plaintiff on Notice):** Plaintiff was put on actual and/or constructive notice of the foreclosure sale for which it now complains and, having chosen not to timely act or dispute the same, the causes of action asserted in this Complaint are barred. Defendant was entitled to declare the whole amount of the note due since Defendant gave Plaintiff reasonable notice in accordance with the terms of the note and pursuant to law.

5. **Fifth Affirmative Defense (Actual Default):** Borrower's default under the Deed of Trust, Promissory Note, and other loan documents held by CitiMortgage was sufficient to support the foreclosure of the Deed of Trust referenced in the Complaint.

6. **Sixth Affirmative Defense (Statute of Frauds):** The alleged contract is within the statute of frauds and fails to include the essential written elements of a contract.

7. **Seventh Affirmative Defense (Lack of Contract/Lack of Breach of Contract):** At no time herein did Defendant CitiMortgage enter into or breach any express or implied contract with Plaintiff Nationstar.

8.  **Eighth Affirmative Defense (Illegality, Lack of Mutuality, and Lack of Consideration):** Plaintiff's claims are barred, in whole or in part, by the doctrines of illegality, lack of mutuality, and lack of consideration concerning the purported subordination "agreement" by Defendant, which is neither valid nor enforceable.

9.  **Ninth Affirmative Defense (Lack of Damages):** Plaintiff is not entitled to any recovery in this action because Plaintiff suffered no damages.

10. **Tenth Affirmative Defense (Unjust Enrichment):** An award for damages as sought by Plaintiff in this action is barred, in whole or in part, by the doctrine of unjust enrichment. The damages award sought by Plaintiff, to which Plaintiff has no entitlement to, would deprive CitiMortgage of its rightful ownership and would thus result in Plaintiff's unjust enrichment.

11. **Eleventh Affirmative Defense (Comparative Negligence):** The Complaint is barred, in whole or in part, because any injury, damage or loss allegedly sustained by Plaintiff was proximately and actually caused by and contributed to by the negligence and carelessness of Plaintiff in that Plaintiff failed to exercise ordinary care on Plaintiff's own behalf at the times and places set forth in the Petition.

12. **Twelfth Affirmative Defense (Plaintiff's Own Acts and Omissions):** The claims asserted against Defendant are barred, in whole or in part, because

Plaintiff's alleged injuries were the result of the negligent or intentional acts or omissions of Plaintiff, not Defendants.

13. **Thirteenth Affirmative Defense (Superseding Causes and/or Acts):** The claims asserted against Defendant are barred, in whole or in part, because the acts or omissions of third parties, over whom Defendants had no control, constituted a superseding cause of Plaintiff's damages, which damages are denied, barring any recovery against Defendants.

14. **Fourteenth Affirmative Defense (Intervening Causes and/or Acts):** The claims asserted against Defendant are barred, in whole or in part, because the acts or omissions of third parties, over whom Defendants had no control, constituted an intervening cause of Plaintiff's damages, which damages are denied, barring any recovery against Defendants.

15. **Fifteenth Affirmative Defense (No Proximate Cause or Causation):** The Complaint is barred, in whole or in part, because none of the alleged acts or omissions of Defendants were the proximate cause of Plaintiff's purported injuries and damages, if any.

16. **Sixteenth Affirmative Defense (No Conduct Warranting Punitive Damages):** There is no factual or legal basis for an award of punitive damages against CitiMortgage, and Plaintiff's claims for punitive damages should be stricken

because at all times herein CitiMortgage acted in good faith and without malice or reckless indifference or disregard for any right of Plaintiffs.

17. **Seventeenth Affirmative Defense (Punitive Damages Unconstitutional):** Any award of punitive damages against CitiMortgage would violate the constitutional safeguards under the Constitution of the United States of America and the Constitution of Georgia, in that punitive damages violate due process and equal protection guaranties, place an undue burden on interstate commerce, violate the right to assembly and petition the government and violate the prescription against excessive fines.

18. **Eighteenth Affirmative Defense (Waiver/Release):** The cause of action in the Complaint is barred by the doctrines of waiver and/or release, insofar as the Plaintiff's predecessor was actually and/or constructively noticed of the foreclosure sale prior to its occurrence, and Plaintiff was actually and/or constructively aware of that the foreclosure sale had already occurred prior to accepting its assignment of the security deed. Plaintiff has thus waived and is forever barred from asserting the causes of action in its Complaint.

19. **Nineteenth Affirmative Defense (Acquiescence):** The causes of action in the Complaint are barred by the doctrine of acquiescence.

20. **Twentieth Affirmative Defense (Laches):** The cause of action in the Complaint are barred is barred, in whole or in part, by the doctrine of laches because

Plaintiff failed to file the Complaint within a reasonable amount of time, to the prejudice of Defendant.

21. **Twenty-first Affirmative Defense (Estoppel):** The causes of action in the Complaint are barred by the doctrine of estoppel.

22. **Twenty-second Affirmative Defense (Justification, Privilege, and/or Excuse):** Each of CitiMortgage's actions with respect to the subject matters alleged in the Complaint were taken in good faith and were justified, excused, or privileged. Therefore, Plaintiff is barred, in whole or in part, from recovery on the alleged cause of actions in the Complaint.

23. **Twenty-third Affirmative Defense (Avoidable Consequence):** Plaintiff's claims are barred in whole or in party by doctrine of avoidable consequence because Plaintiff failed to take necessary action to avoid the alleged damages.

24. **Twenty-fourth Affirmative Defense (Failure to Mitigate):** To the extent Plaintiff has suffered any damages, which CitiMortgage specifically denies, Plaintiff failed to mitigate any such alleged damages and is thus barred from recovery on the same.

25. **Twenty-fifth Affirmative Defense (Unclean Hands):** The cause of action in the Complaint is barred by the doctrine of unclean hands and/or Plaintiff's failure to act in good faith.

26. **Twenty-sixth Affirmative Defense (Reservation of Defenses):** CitiMortgage presently has insufficient knowledge and/or information on which to form as belief as to whether it may have additional, as yet unstated, affirmative defenses available. CitiMortgage therefore reserves the right to assert any additional defenses that are supported by information or facts obtained through the discovery process or other means during this case and expressly reserves the right to amend its Answer to assert such additional affirmative defenses in the future.

WHEREFORE, CitiMortgage expressly denies that Nationstar is entitled to any of the relief sought in its Complaint or prayer for relief, and instead, CitiMortgage respectfully prays this Court to issue a judgment as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That the Complaint be dismissed, in its entirety, with prejudice;

3. That the Court enter judgment in CitiMortgage's favor, and against Plaintiff;

4. That CitiMortgage be awarded its attorneys' fees and costs;

5. Any such other and further relief as the Court may deem equitable and just.

**[Signature on Following Page]**

Respectfully submitted this 25th day of August 2023,

*/s/ Kevin Arocha*
Kevin Arocha, Esq.
Georgia Bar No. 872410
**BRYAN CAVE LEIGHTON PAISNER LLP**
1201 W. Peachtree St. NW,
One Atlantic Center, 14th Floor
Atlanta, Georgia 30319
Tele: (404) 572-6737
E-Mail: kevin.arocha@bclplaw.com

*Attorney for CitiMortgage, Inc.*

## LOCAL RULE 7.1(D)
## CERTIFICATION OF COMPLIANCE

I hereby certify this 25th day of August 2023 that the foregoing document has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1, N.D. Ga.

>Respectfully submitted,
>
>*/s/ Kevin Arocha*
>Kevin Arocha, Esq.
>Georgia Bar No. 872410

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August 2023, a true and correct copy of the foregoing document was served on counsel for Plaintiff Nationstar Mortgage LLC by email to mft@tottenfirm.com and via U.S. Mail to the following address:

>Matthew F. Totten
>2090 Dunwoody Club Dr.,
>Suite 106-33
>Atlanta, Georgia 30350

>Respectfully submitted,
>
>*/s/ Kevin Arocha*
>Kevin Arocha, Esq.
>Georgia Bar No. 872410